JAMES V. FAZIO, III (CSB NO. 183,353)
jamesfazio@sandiegoiplaw.com
TREVOR Q. CODDINGTON, PH.D. (CSB NO. 243,042)
trevorcoddington@sandiegoiplaw.com
DONNY K. SAMPORNA (CSB NO. 316,456)
donnysamporna@sandiegoiplaw.com
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Drive, Suite 300
San Diego, CA 92130
Telephone: (858) 792-3446
Facsimile: (858) 408-4422

*Attorneys for Plaintiff*,
EVOLUSION CONCEPTS, INC.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EVOLUSION CONCEPTS, INC., a California corporation,<br><br>*Plaintiff*,<br><br>vs.<br><br>JUGGERNAUT TACTICAL, INC., a California corporation, and DOES 1-10, inclusive,<br><br>*Defendants*. | CASE NO. 8:18-CV-01378<br><br>**COMPLAINT FOR:**<br><br>**1) PATENT INFRINGEMENT**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff Evolusion Concepts, Inc., d.b.a., AR Maglock (hereinafter, "Evolusion" or "Plaintiff") hereby complains of Juggernaut Tactical, Inc. (hereinafter, "Juggernaut" or "Defendant") and alleges as follows:

## NATURE OF THE ACTION

1. This is an action for patent infringement under the patent laws of the United States, 35 U.S.C. § 271, *et seq*. and related state and common law causes of action.

## THE PARTIES

2. Evolution Concepts, Inc. is a California corporation with its principal place of business located at 1658 Law Street, San Diego, CA 92109.

3. Evolusion is informed and believes and based thereon alleges that Juggernaut is a California corporation, with its principal place of business located at 931 N. Parker Street, Orange, CA 92867.

4. Evolusion is informed and believes and based thereon alleges that Juggernaut's CEO is Zackary Kasanjian-King, its Secretary is Edward Kasanjian, its CFO is Zackary Kasanjian-King, and its directors are Edward Kasanjian and Zackary Kasanjian-King, all of whom may be served at 931 N. Parker St., Orange, CA 92867.

5. Evolusion is informed and believes and based thereon alleges that Defendant is the operator of the website, www.jtactical.com.

6. Evolusion is ignorant of the true names and capacities of the parties sued herein as DOES 1 through 10, inclusive, whether individual, corporate or otherwise, and therefore sues these defendants by such fictitious names. Evolusion will seek leave to amend the complaint to assert their true names and capacities when they have been ascertained. Evolusion is informed and believes and based thereon alleges that all defendants sued herein as DOES 1 through 10 are in some manner responsible for the acts and omissions alleged herein.

///

-1-

COMPLAINT

## JURISDICTION AND VENUE

7. This Court has original and exclusive subject matter jurisdiction over this action under 28 U.S.C. §§ 1331 and 1338(a) because Evolusion's claims for patent infringement arise under 35 U.S.C. § 271.

8. This Court has personal jurisdiction over the Defendant because it resides, has its principal place of business, or is incorporated in this District and has a continuous, systematic, and substantial presence in this District, because it regularly conducts business and/or solicits business within this District, because it has committed and continues to commit patent infringement in this District, including, without limitation, by selling and offering for sale infringing products to consumers in this District and by purposefully directing activities at residents of this District, and by placing infringing products into the stream of commerce with the knowledge that such products would be sold in California and this District, which acts form a substantial part of the events giving rise to Evolusion's claims.

9. Venue is proper in this District under 28 U.S.C. §§ 1391 and 1400(b) because the Defendant resides, has its principal place of business, or is incorporated in this District, and has committed and continues to commit patent infringement in this District, including, without limitation, by selling and offering for sale infringing products to consumers and/or retailers in this District and by purposefully directing activities at residents of this District, and by placing infringing products into the stream of commerce with the knowledge that such products would be sold in California and this District, which acts form a substantial part of the events giving rise to Evolusion's claims.

## GENERAL ALLEGATIONS

10. Evolusion designs and sells, among other innovative products, the patented AR Maglock device. The AR Maglock device allows firearm enthusiasts to use and enjoy Armalite Rifle-style rifles without the rifle falling within California's definition of an "assault weapon." Armalite Rifle-style rifles are

commonly referred to as Modern Sporting Rifles ("MSRs"). MSRs include the ubiquitous AR-15- and AR-10-type rifles. Some estimates predict there are approximately 10 million MSRs owned by Californians and as many as 50 million owned nation-wide. Courtney Harris ("Harris"), President of Evolusion, co-invented the AR Maglock device in 2013. The AR Maglock device prevents the MSR on which it is installed from becoming an "assault weapon" under California law by forcing the user to disassemble the rifle's action prior to removing the magazine. Otherwise, under California Penal Code section 12280, possession of an MSR that falls within California's definition of "assault weapon" is a felony.

11. In 2016, California voters passed legislation changing California's definition of an "assault weapon." Under current California law, an "assault weapon" is defined as a semiautomatic, centerfire rifle that does not have a fixed magazine, and has any one of the following: a pistol grip that protrudes conspicuously beneath the action of the weapon, a thumbhole stock, a folding or telescoping stock, a grenade launcher or flare launcher, a flash suppressor, or a forward pistol grip. Cal. Penal Code § 30515(a). As pertinent here, California recently expanded the Penal Code to specifically define how a magazine is to be fixed to the firearm such that it does not qualify as an "assault weapon." Under California's new law, a "fixed magazine" is an ammunition feeding device contained in, or permanently attached to, a firearm in such a manner that the device cannot be removed without disassembly of the firearm action. Cal. Penal Code § 30515(b). Conceptually, the AR Maglock device legally fixes a magazine to a rifle, thereby keeping the rifle out of the purview of "assault weapons."

12. Evolusion manufactures and sells its patented AR Maglock device directly to consumers through its website, https://www.armaglock2.com, to various distributors, various retail outlets, and to original equipment manufacturers. Over the past three years, Evolusion has generated significant revenue from marketing and selling its patented AR Maglock device, and is able to meet all demand in the

-3-

**COMPLAINT**

United States for sales usurped by the Defendant's infringing products. Because California's recent change to its "assault weapon" law, Evolusion initially targeted consumers in California. However, since other states such as Connecticut, Hawaii, Maryland, Massachusetts, New Jersey, and New York have passed, or are in the process of passing, laws similar to California's "assault weapon" law, Evolusion also targets and sells to consumers in those states. In addition, Evolusion sells its products to citizens and residents in other states so that the MSRs can be converted and taken to states having laws similar to those of California. Given the legislative climate in other states, the demand for the AR Maglock device will dramatically increase.

13. On June 24, 2014, the United States Patent & Trademark Office ("PTO") duly and lawfully issued United States Patent No. 8,756,845, entitled "Method and Device for Converting Firearm with Detachable Magazine to a Firearm with Fixed Magazine" ("the '845 patent"). A copy of the '845 patent is attached hereto as Exhibit A. The '845 patent issued from United States Patent Application No. 13/803,966 (hereinafter, the "Maglock patent application"), which was filed on March 14, 2013. The Maglock patent application was published on October 17, 2013, as United States Patent Application Publication No. 2013/0269232 (the "Maglock published patent application"), a copy of which is attached hereto as Exhibit B. Evolusion owns all rights to the '845 patent via an Assignment, which was recorded at the PTO on December 11, 2017, at Reel 044357, Frame 0383. A Notice of Recordation is attached hereto as Exhibit C.

14. Defendant is and has been making, using, selling, offering for sale, and importing a number of magazine release products that infringe the '845 patent, including, without limitation to, Defendant's "California Compliant AR Mod Kit" (also referred to as the "Hellfighter Mod Kit), of which Defendant offers four variants: an AR-15 Kit and an AR-10 Kit, both of which are offered in black or stainless steel (collectively, the "Accused Products"). The Accused Products may

-4-

be purchased directly from the Defendant online through its website (www.jtactical.com), third-party websites, and from various retailers in this District.

15. On June 24, 2014, or shortly thereafter, Defendant received actual notice of the Maglock published patent.

16. On February 7, 2018, *via* electronic and First Class United States Mail, Evolusion informed Defendant of the Maglock patent, Evolusion's patent rights, and Defendant's infringement liability. A copy of the letter is attached as Exhibit D.

## FIRST CLAIM FOR RELIEF

### (Infringement of U.S. Patent No. 8,756,845)

### (35 U.S.C. § 271)

17. Evolusion repeats, realleges, and incorporates by reference the preceding allegations above as though set forth fully herein.

18. This claim is for patent infringement arising under the Patent Laws of the United States, Title 35.

19. Since June of 2014, Evolusion has and continues to mark the AR Maglock device to include "U.S. Patent 8,756,845 B2" or the like on its packaging and on its website. Since its inception, "patent pending" has appeared on Evolusion's website and packaging up until around the issue date of the '845 patent when the website was revised to note "US Patent #: 8,756,845" in connection with the AR Maglock device. *See*, *e.g.*, https://www.armaglock2.com.

20. The Defendant, by and through its agents, officers, directors, resellers, retailers, employees, and servants, have been and are currently infringing the '845 patent by making, using, offering to sell, selling, exporting, and/or importing into the United States the Accused Products, which embody one or more claims set forth in the '845 patent.

21. For example, the accused California Compliant AR Mod Kit product meets all the limitations set forth in claim 8 of the '845 patent. A chart identifying

-5-

**COMPLAINT**

specifically where each limitation of claim 8 is found in the California Compliant AR Mod Kit is attached hereto as Exhibit E. This infringement chart is based on Evolusion's current understanding of the California Compliant AR Mod Kit, which only considers publicly available information. The chart does not set forth all of Evolusion's infringement theories – the California Compliant AR Mod Kit embodies other claims set forth in the '845 patent. The California Compliant AR Mod Kit is a representative of all the Accused Products, each having all the limitations recited in claim 8. The chart analyzes the California Compliant AR Mod Kit as an exemplary iteration of the Accused Products.

22. Additionally, Defendant, its distributors, and its customers who purchase an Accused Product infringe claim 15 of the '845 patent by performing the claimed method. Defendant provides installation instructions, available in a video[1], for the Accused Products. A chart identifying specifically where each limitation of claim 15 is found in Defendant's publications and products is attached hereto as Exhibit F. The chart does not set forth all of Evolusion's infringement theories – the California Compliant AR Mod Kit embodies other claims set forth in the '845 patent.

23. By way of their installation instructions, Defendant induces its customers to infringe the '845 patent.

24. Evolusion is informed and believes and based thereon alleges that Defendant sells and distributes complete rifles having a California Compliant AR Mod Kit installed thereon. Such a complete rifle meets all the limitations set forth in claim 1 of the '845 patent.

25. Furthermore, the accused California Compliant AR Mod Kit, when installed on an AR-15-type rifle, its intended use, meets all the limitations set forth in claim 1 of the '845 patent. A chart identifying specifically where each limitation

---

[1] On its website, Defendant provides a video, published on its YouTube page, that shows and describes the installation and functionality of the California Compliant AR Mod Kit. *See* https://www.youtube.com/watch?v=5SQOKzo9ntI.

of claim 1 is found in Defendant's California Compliant AR Mod Kit as installed on an AR-15-type rifle is attached hereto as Exhibit G. The chart does not set forth all of Evolusion's infringement theories – the California Compliant AR Mod Kit embodies other claims set forth in the '845 patent.

26. Defendant and its customers directly infringe claim 1 of the '845 patent after installing an Accused Product on a respective firearm. Each Accused Product has no substantial, non-infringing use and constitutes a material part of the firearm defined in claim 1 of the '845 patent. Defendant was and is aware of that the combination of an Accused Product with a respective firearm infringes claim 1 of the '845 patent.

27. Evolusion reserves the right to amend or supplement its infringement theories upon more information becoming available through formal discovery and/or this Court completing its claim construction proceedings. Subject to applicable Local Rules, Evolusion will serve a Disclosure of Asserted Claims and Infringement Contentions (that may alter and/or supplement the infringement charts submitted herewith).

28. One or more of the Accused Products embody one or more claims set forth in the Evolusion published patent application. The invention claimed in the '845 patent is identical to the invention claimed in the Evolusion published patent application. For example, claims 1, 8, and 15 of the '845 patent are identical to those in the Evolusion published patent application. Pursuant to 35 U.S.C. § 154(d) and by reason of the Defendant's pre-issuance infringing acts, Evolusion is entitled to at least a reasonable royalty for Juggernaut's infringing activities occurring between October 17, 2013, and the issue date of the '845 patent, *i.e.*, June 24, 2014, if any.

29. The Defendant's acts of infringement were undertaken without permission or license from Evolusion. After receiving actual notice of the Evolusion patent and/or the Evolusion published patent application, the Defendant

-7-
**COMPLAINT**

continued its commercialization of the Accused Products despite an objectively high likelihood that its actions constituted infringement of a valid patent (or soon-to-be-issued patent) and/or Evolusion's provisional patent rights under the Evolusion's published patent application. Accordingly, the Defendant's acts constitute willful infringement in violation of 35 U.S.C. § 271.

30. Evolusion is informed and believes and based thereon alleges that the Defendant's infringement of the '845 patent will continue unless enjoined by this Court.

31. Sales of the Accused Products drive sales of other products of the Defendant including, but not limited to Defendant's Hellfighter Rear Takedown Pin and Hellfighter Replacement Parts (collectively, the "Collateral Products"). The Collateral Products are sold and marketed together with the Accused Products. Many, if not all, of the Collateral Products form a single assembly, functional unit, or operate in conjunction with one or more of the Accused Products. The Collateral Products also have a marketing and financial dependence on the Accused Products. In fact, Defendant's Hellfighter Rear Takedown Pin cannot operate as intended without also using an infringing product.

32. But for the Defendant' infringement, Evolusion would have sold its AR Maglock device and other unpatented products (*e.g.*, Patriot-Pin and AR Tether) to all of the Defendant's customers, and Evolusion is entitled to its lost profits.

33. By reason of the foregoing infringing acts, Evolusion has been damaged, continues to be damaged, and is entitled to no less than a reasonable royalty in accordance with 35 U.S.C. § 284 in an amount to be determined at trial. In addition, pursuant to 35 U.S.C. § 284, Evolusion is entitled to enhanced and treble damages against Juggernaut together with interest at the maximum legal rate and costs as fixed by the Court.

34. In addition, Evolusion is entitled to reasonable attorneys' fees incurred

-8-

in this action under 35 U.S.C. § 285.

35. Because of the aforesaid infringing acts, Evolusion has suffered and continues to suffer great and irreparable injury for which there is no adequate remedy at law.

///

## PRAYER FOR RELIEF

WHEREFORE, Evolusion prays for judgment against the Defendant as follows:

(a) an Order adjudging the Defendant to have infringed the '845 patent under 35 U.S.C. § 271;

(b) an Order adjudging the Defendant to have willfully infringed the '845 patent under 35 U.S.C. § 271;

(c) a preliminary injunction enjoining the Defendant, its officers, directors, agents, servants, resellers, retailers, employees and attorneys, and those persons acting in concert or participation with them, from making, using, selling, offering for sale, and importing the Accused Products until a trial on the merits has been completed;

(d) a permanent injunction under 35 U.S.C. § 283 enjoining the Defendant, its officers, directors, agents, servants, resellers, retailers, employees and attorneys, and those persons acting in concert or participation with them, from infringing the '845 patent in violation of 35 U.S.C. § 271;

(e) a permanent injunction enjoining the Defendant, its officers, directors, agents, servants, resellers, retailers, employees and attorneys, and those persons acting in concert or participation with them, from making, using, selling, offering for sale, and importing the Accused Products;

(f) an accounting of all gains, profits, and advantages the Defendant derived by its infringement of the '845 patent, and for damages adequate to compensate Evolusion for such infringement of the '845 patent;

(g) an award to Evolusion of its lost profits or a reasonably royalty for the Defendant's sales of the Accused Products and Collateral Products;

(h) an order for a trebling of damages and/or enhanced damages due to the Defendant's willful infringement under 35 U.S.C. § 284;

(i) compensatory, punitive, and exemplary damages against the Defendant;

(j) an Order adjudicating that this is an exceptional case;

(k) an award to Evolusion of all attorneys' fees and costs incurred by Evolusion in connection with this action under 35 U.S.C. § 285;

(l) an award of pre-judgment and post-judgment interest and costs of this action against the Defendant; and

(m) For such other and further relief as the Court deems just and proper.

Respectfully submitted,

Dated: August 6, 2018   By: /s/ Donny Samporna
James V. Fazio, III
Trevor Q. Coddington, Ph.D.
Donny K. Samporna
SAN DIEGO IP LAW GROUP LLP
12526 High Bluff Dr., Suite 300
San Diego, CA 92130
Phone: (858) 792-3446
Fax: (858) 405-4422

*Attorneys for Plaintiff*,
EVOLUSION CONCEPTS, INC.

# **DEMAND FOR JURY TRIAL**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Evolusion Concepts, Inc. hereby demands a trial by jury of all issues so triable.

Respectfully submitted,

Dated: August 6, 2018     By:  */s/* Donny Samporna
                                               James V. Fazio, III
                                               Trevor Q. Coddington, Ph.D.
                                               Donny K. Samporna
                                               SAN DIEGO IP LAW GROUP LLP
                                               12526 High Bluff Dr., Suite 300
                                               San Diego, CA 92130
                                               Phone: (858) 792-3446
                                               Fax: (858) 405-4422

                                               *Attorneys for Plaintiff*,
                                               EVOLUSION CONCEPTS, INC.